# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

CHRISTOPHER L. LARSEN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 3:16-CV-05654-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff Christopher L. Larsen filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

    After reviewing the record, the Court concludes in light of new medical evidence submitted to the Appeals Council, substantial evidence does not support the Administrative Law Judge ("ALJ") assessment of the residual functional capacity ("RFC") or decision finding

Plaintiff not disabled at Steps 4 and 5 of the sequential evaluation process. The Court further concludes the ALJ erred when he failed to discuss significant, probative evidence contained in the opinions of non-examining physicians Drs. Eather and Hurley, and erred when he failed to properly consider the medical opinion evidence of Dr. Griffin, Ph.D. Had the ALJ properly considered this medical opinion evidence, the residual functional capacity may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 6, 2012, Plaintiff filed an application for SSI and DIB, alleging disability as of May 3, 2009. *See* Dkt. 15, Administrative Record ("AR") 124-130. The application was denied upon initial administrative review and on reconsideration. *See Id.*, 131-139. A hearing was held before ALJ Robert P. Kingsley on January 22, 2015. *See* AR 28. In a decision dated May 26, 2015, the ALJ determined Plaintiff was not disabled. *See* AR 28-39. Plaintiff sought review of the ALJ's decision and submitted new evidence to the Appeals Council, including physical functional evaluations by Drs. Makristy Caratao, M.D., and Lindsay Newton, M.D. *See* AR 5-7. The Appeals Council considered the new evidence and denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains (1) the administrative record, including evaluations by Drs. Caratao and Newton, fails to provide substantial evidence to support the ALJ's decision to deny disability benefits; (2) the ALJ erred in discounting or outright failing to review medical opinion evidence; (3) the ALJ erred in failing to provide clear and convincing

reasons for finding Plaintiff not entirely credible; and (3) the ALJ erred in basing his Step Five finding on his erroneous RFC assessment. Dkt. 13, pp. 1-20.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ's decision is supported by substantial evidence in light of the new evidence submitted to the Appeals Council and included in the administrative record.**

On July 7, 2013 and June 11, 2015, Drs. Caratao and Newton, respectively, completed Physical Functional Evaluations of Plaintiff. AR. 1536-1543. These evaluations were not submitted to the ALJ, but were submitted to the Appeals Council. *See* AR. 1-6. The Appeals Council considered both doctors' evaluations and found the new evidence did not provide a basis for changing the ALJ's decision. AR. 2. Plaintiff argues, in light of these doctors' opinions, substantial evidence does not support the ALJ's decision finding Plaintiff not disabled at Steps 4 and 5 of the sequential evaluation process. Dkt. 913, pp. 7-13.

When the Appeals Council considers new evidence in denying review of the ALJ's decision, "the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence" and free of legal error. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). As Drs. Caratao and Newton's evaluations were considered by the Appeals

Council, the Court must consider this evidence in determining if the ALJ's decision is supported by substantial evidence and free of legal error.

On July 19, 2013, Dr. Caratao completed an evaluation wherein he diagnosed Plaintiff with moderate to marked cerebral artery stenosis and cerebrovascular incident, low back pain, and right shoulder/scapular pain. AR. 1537. Dr. Caratao opined that these conditions would affect work activities such as standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. AR. 1537. Based on these findings, Dr. Caratao ultimately opined Plaintiff was limited to sedentary work. *See* AR. 1537-1538.

On June 11, 2015, Dr. Newton also completed an evaluation of Plaintiff. AR. 1539-1543. After conducting a full examination of Plaintiff, including testing Plaintiff's range of joint motion, Dr. Newton diagnosed Plaintiff with marked Factor V Leiden and severe left-sided weakness as a result of prior cerebrovascular accidents. AR. 1539-40. Dr. Newton found Plaintiff's conditions prevented him from performing basic work-related activities such as walking, lifting, carrying, handling, pushing, pulling, and crouching, and further made Plaintiff "unable to meet the demands of sedentary work." AR. 1540-41.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Defendant argues the ALJ's decision should be affirmed because Drs. Caratao and Newton's opinions do not change the ALJ's decision. *See* Dkt. 18, pp. 15-17. Specifically, Defendant contends that other evidence contained in the record as a whole provides a substantial

basis to support the ALJ's decision and findings. *Id*. However, because Drs. Caratao and Newton's opinions were not submitted to the ALJ, the ALJ did not provide any reasons for discounting their opinions. *See* AR 28-39. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). As the ALJ did not consider the opinions of Drs. Caratao and Newton, the Court is not persuaded by Defendant's assertion that the opinions can be disregarded.

Under *Brewes*, the Court must review the entire record, including both Dr. Caratao's July 2013 opinion and Dr. Newton's June 2015 opinion, when determining whether the Commissioner's decision is supported by substantial evidence and free of legal error. As the ALJ did not consider these doctors' opinion when finding Plaintiff was not disabled, the final decision of the Commissioner is erroneous. *See Ramirez v. Shalala*, 8 F.3d 1449, 1453-54 (9th Cir. 1993) (finding the ALJ's and the Appeals Council's failure to provide any reason for disregarding a physician's opinion submitted to the Appeals Council was improper).

An error is harmless if it is not prejudicial to Plaintiff or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, the ALJ did not include limitations in the RFC assessment that are consistent with Dr. Caratao's July

2013 opinion and Dr. Newton's June 2015 findings. *See* AR. 38, 1536-1543. In assessing the

RFC, the ALJ found Plaintiff was able

> [t]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), lifting ten pounds frequently and twenty pounds occasionally, with the following additional limitations: The claimant can stand or walk for four hours in an eight hour day. The claimant can sit for six hours in an eight-hour day…The claimant can frequently climb ramps or stairs. The claimant can perform occasional stooping, kneeling, crouching and crawling[.] The claimant can perform occasional lifting and carrying with the left upper extremity.

AR. 33. The RFC providing for a light level of physical exertion is therefore directly at odds with the opinions of Drs. Caratao and Newton. The RFC does not, for example, consider or account for physical limitations noted by Drs. Caratao and Newton which would adversely affect Plaintiff's work activities such as standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. *See* AR. 38, 1536-1543. The RFC further does not account for Dr. Caratao's opinion Plaintiff is limited to sedentary work, or Dr. Newton's opinion Plaintiff is unable to even perform sedentary work. *Id*. As the ALJ did not properly consider these doctors' opinions or include limitations in the RFC which are consistent with their findings, the RFC is defective. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

The Court also notes Dr. Caratao's opinion bolsters the opinions of other medical professionals contained in the record. For example, Drs. Eather, Ph.D. and Hurley, M.D. opined, in part that Plaintiff was limited to sedentary work. AR. 94, 114. The ALJ failed to discuss either of these medical opinions. *See* AR. 28-39. Notwithstanding the ALJ's error in failing to discuss

significant, probative evidence (*see* Section II), the record now contains multiple opinions finding Plaintiff is limited to sedentary work. *See* AR. 94, 114, 1536-1538. Therefore, Drs. Eather and Hurley's opinions have been bolstered by Dr. Caratao's opinion which may result in the ALJ giving additional weight to these opinions.

In summation, the ALJ did not consider Dr. Caratao's July 2013 opinion, Dr. Newton's June 2015 opinion, or include limitations in the RFC which are consistent with those opinions. Further, Dr. Caratao's evaluation and opinion may bolster medical opinion evidence in the record. Therefore, the Court finds the ultimate disability determination may change if the ALJ properly considers the opinions of Drs. Caratao and Newton. Accordingly, remand is necessary to allow the ALJ to reconsider the entire record at each step of the sequential evaluation process.

**II.     Whether the ALJ properly considered and weighed the medical opinions.**

Plaintiff contends the ALJ erred in assessing the medical opinions of Drs. Bruce Eather, Ph.D., Wayne Hurley, M.D., Enid Griffin, Psy.D, Andrew Tsoi, M.D., Markisty Caratao, M.D., and Rasmussen, Ph.D. Dkt. 13, pp. 3-13. The Court agrees.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A. <u>Drs. Bruce Eather, Ph.D., and Wayne Hurley, M.D.</u>

Plaintiff contends the ALJ erred when he failed to discuss significant, probative evidence contained in the opinion of non-examining physicians Drs. Eather and Hurley. Dkt. 9, pp. 6-7. Specifically, Plaintiff alleges the ALJ failed to consider Dr. Eather's opinion that Plaintiff "should not work with the public and would do best with solo type work," and Dr. Hurley's opinion that Plaintiff was limited to sedentary work. *Id*. (referencing AR. 92, 114). The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Dr. Eather completed a Disability Determination Explanation of Plaintiff on April 11, 2013. AR. 82-95. He found Plaintiff was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and in his

ability to interact appropriately with the general public. AR. 92. Based on those findings, Dr. Eather opined that Plaintiff, "should not work with the public and would do best with solo type work." AR. 92. He further opined Plaintiff is capable of only sedentary work. AR. 94.

Dr. Hurley completed a Disability Determination Explanation of Plaintiff on December 19, 2013. AR 98-115. Dr. Hurley found Plaintiff was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, and to appropriately interact with the general public. AR. 111-12. Dr. Hurley ultimately opined Plaintiff was capable of sedentary work. AR. 114.

The ALJ's opinion makes no reference to Drs. Eather and Hurley's opinions. *See* AR. 28-39. Without discussion of these opinions, the Court cannot determine if the ALJ properly considered the findings or simply ignored the evidence. Accordingly, the ALJ erred by failing to explain the weight given to all the limitations opined to by Drs. Eather and Hurley. *See Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for disregarding significant, probative evidence"); *Brown-Hunter*, 806 F.3d at 492; *Blakes*, 331 F.3d at 569.

As discussed above, "harmless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An ALJ's failure to discuss a medical opinion is not harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete [RFC] determination." *Id.* at 1161.

The ALJ's failure to discuss portions of Drs. Eather and Hurley's opinion resulted in an incomplete RFC. For example, Dr. Eather found Plaintiff should not work with the public and would do best with solo type work. *See* AR. 92. In contrast, the ALJ found that Plaintiff "can

have occasional superficial contact with coworkers in an immediate workgroup of no more than ten." AR. 33. Additionally, both Drs. Eather and Hurley opined Plaintiff was limited to sedentary work. AR. 94, 114. The ALJ found Plaintiff has the RFC to perform light work, lifting ten pounds frequently and twenty pounds occasionally with some limitations. *See* AR. 33. Had the ALJ properly considered the opinions of Dr. Eather and Dr. Hurley regarding Plaintiff's limitations, the ALJ may have included additional limitations in the RFC and in the hypothetical question posed to the vocational expert.

As the ultimate disability determination may change, the ALJ's failure to discuss the opinions of Drs. Eather and Hurley's opinions is not harmless and requires reversal.

B. <u>Dr. Enid Griffin, Psy.D.</u>

Plaintiff also contends the ALJ erred when he discounted the medical opinion of Dr. Griffin. Dkt. 13, pp. 5-6. Specifically, Plaintiff argues the ALJ erred in finding Dr. Griffin's opinion was based more heavily on Plaintiff's subjective complaints than on objective evidence, and in finding his opinion was not consistent with the longitudinal record. *Id*. The Court agrees.

Dr. Griffin conducted a Psychological Evaluation of Plaintiff on March 28, 2013. AR. 668-671. Dr. Griffin opined that Plaintiff "likely would not be able to handle an increase in stressors such as found with training and/or employment." AR. 671. The ALJ gave little weight to Dr. Griffin's opinion and found his opinion was (1) based upon Plaintiff's subjective reports; and (2) inconsistent with the totality of the evidence in the record. AR. 37.

First, the ALJ found Dr. Griffin's opinion was based largely on Plaintiff's subjective reports regarding employment stressors. AR. 37. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that

have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

Here, Dr. Griffin interviewed Plaintiff, reviewed medical records, conducted a mental health examination, and made clinical observations of Plaintiff. *See* AR. 668-71. Following Dr. Griffin's extensive examination and evaluation of Plaintiff, he diagnosed Plaintiff with severe major depressive disorder and alcohol abuse. AR. 670. Dr. Griffin indicated Plaintiff had a global assessment of functioning ("GAF") score of 50 based on Plaintiff's symptom severity, the MSEs, and Plaintiff's activities of daily living. AR. 668-71. In reaching his opinions, Dr. Griffin relied on his own observations, documented results of the MSEs, and Plaintiff's subjective complaints and reported mental health history. *Id*. Dr. Griffin did not discredit Plaintiff's subjective reports, and supported his ultimate opinions with the MSEs and her own observations. Therefore, the Court concludes the ALJ's finding that Dr. Griffin's opinions were based primarily upon limited information provided by Plaintiff--which was allegedly inconsistent with other portions of the record—was not supported by substantial evidence.

Second, the ALJ assigned little weight to Dr. Griffin's opinion because it was inconsistent with the totality of the evidence in the record. AR. 37. Specifically, the ALJ found

Dr. Griffin's opinions were "not consistent with Plaintiff's longitudinal record." AR. 37. ["]To say medical opinions … are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity that our prior cases have required . . . The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct." *Regennitter v. Comm'r of Soc. Sec. Admin*, 166 F.3d 1294, 1299 (9th Cir. 1999) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The ALJ therefore erred when he failed to provide any support or additional reasoning describing inconsistencies with Dr. Griffin's opinions exist in the record. *Id*.

The Court concludes the ALJ erred when he failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Griffin's opinion.

C. <u>Drs. Andrew Tsoi, M.D., Markisty Caratao, M.D., and Rasmussen, Ph.D.</u>

Plaintiff contends the ALJ erred in weighing the medical opinions of Drs. Tsoi, Caratao, and Rasmussen. Plaintiff argues the ALJ should not have given these opinions "great weight," because more recent medical evidence demonstrates Plaintiff has additional or more severe limitations. *See* Dkt. 13, pp.4-5, 9-12; Dkt. 19, pp. 1, 3-4.

The Court has already concluded that the ALJ erred in reviewing medical evidence from Drs. Eather, Hurley, and Griffin and that this matter should be reversed and remanded for further consideration, *see supra*, sections A-B. Had the ALJ properly considered the opinions of Drs. Eather, Hurley, and Griffin regarding Plaintiff's limitations, the ALJ may have assigned different weight to the opinions of Drs. Tsoi, Caratao, and Rasmussen. Therefore, the ALJ is directed to consider these opinions anew and reweigh the evidence accordingly, following remand of this matter.

**III. Whether the ALJ erred in assessing Plaintiff's credibility, Residual Functional Capacity (RFC) and thus, in meeting his Step 5 burden.**

Plaintiff contends the ALJ erred in finding his testimony not fully credible, in assessing his RFC and by basing his step five finding on his erroneous RFC assessment. Dkt. 13, p. 2, 13-19.

The Court has already concluded that the ALJ's decision is in error because it is inconsistent with opinions submitted to the Appeals Council, because it omits significant, probative evidence contained in the opinions of non-examining physicians Drs. Eather and Hurley, and because it fails to properly consider the medical opinion evidence of Dr. Griffin, Ph.D. *See* Sections I-II, *supra*. The evaluation of a plaintiff's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Additionally, the ALJ must also reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step Five to determine if Plaintiff can perform the jobs identified by the vocational expert in light of the new RFC. *See Watson v. Asture*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

**IV.     Whether the case should be remanded for an award of benefits.**

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 13, pp. 18-19. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an

ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, based on the above identified errors, issues remain which must be resolved concerning Plaintiff's credibility and the medical evidence. Therefore, remand for further administrative proceedings is appropriate.

### CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 2nd day of May, 2017.

David W. Christel
United States Magistrate Judge