1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    CHRISTOPHER L. LARSEN,

11                    Plaintiff,

12        v.

13    NANCY A BERRYHILL, Acting
      Commissioner of Social Security,

14

15                    Defendant.

CASE NO. 3:16-CV-05654-DWC

ORDER ON MOTION FOR
ATTORNEY'S FEES

16    Plaintiff Christopher L. Larsen filed a Motion for Attorney's Fees and Expenses pursuant

17   to 28 U.S.C. §2412 ("Motion"), seeking attorney's fees pursuant to the Equal Access to Justice

18   Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 23. Defendant objects to the Motion, contending the

19   amount of hours expended in this case was excessive and therefore the requested fee award is

20   unreasonable. Dkt. 24.

21    The Court concludes the amount of attorney hours expended in this case was

22   unreasonable. Accordingly, Plaintiff's Motion is granted-in-part and the fee request is reduced by

23   7.3 hours. Plaintiff's request for an additional 3.3 hours expended in defending this Motion is

24   granted.

## BACKGROUND

On May 2, 2017, the Court found the ALJ erred in his assessment of: (1) medical opinion evidence (including new evidence submitted to the Appeals Council); (2) Plaintiff's subjective symptom testimony; and (3) Plaintiff's residual functional capacity ("RFC") and the ultimate Step Five findings. Dkt. 20. The Court reversed the ALJ's decision and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*

On July 28, 2017, Plaintiff filed this Motion. Dkt. 23. Defendant filed a Response, Dkt. 24, and on August 18, 2017, Plaintiff filed a Reply. Dkt. 25.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted

1   itemized log of hours to determine the reasonableness of hours requested in each case. *See*

2   *Hensley*, 461 U.S. at 433, 436-37.

3        This case was remanded to the Administration for further consideration. Dkt. 20. As

4   Defendant does not contend her position was substantially justified, the Court finds Plaintiff is

5   entitled to a reasonable attorney's fee award under the EAJA. *See* Dkt. 24.

6        While Defendant does not challenge an award of reasonable attorney's fees or the hourly

7   rate requested, she argues the number of hours expended on this litigation was unreasonable. *See*

8   *id.* Defendant maintains Plaintiff's request for $9,175.87 in attorney's fees should be reduced to

9   either $7,500 or by 10.9 hours (for a total fee of $7,040.01). *Id.* at 1-2, 7. Once the Court

10   determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be

11   determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district

12   court makes its award, it must explain how it came up with the amount. The explanation need not

13   be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be

14   'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)

15   (emphasis in original, citations omitted). "[T]he most useful starting point for determining the

16   amount of a reasonable fee is the number of hours reasonably expended on the litigation

17   multiplied by a reasonable hourly rate," which encompasses the lodestar method.[1] *Hensley*, 461

18   U.S. at 433, 435.

19

20

21      [1] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions

22   involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

23   experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19

24   (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

1    Plaintiff seeks payment of $9,175.87 for 44.9 hours of time his attorney – Eitan Yanich

2  ("Eitan") – and another attorney – Noah Yanich ("Noah") – spent on file review, the Opening

3  Brief, and the Reply Brief for this case.[2] Dkt. 23. This time includes 25.8 hours Noah spent

4  reviewing the file and drafting the Opening Brief, and an additional 10.3 hours Eitan spent

5  reviewing the file and drafting, editing, and filing the Opening Brief. Dkt. 23-3, p. 1. In total, the

6  attorneys spent 36.1 hours preparing the Opening Brief. *See id.* The remaining 8.8 hours were

7  expended on the Reply Brief and case administrative details. *See id.* at 1-2. Plaintiff also requests

8  $5.81 in expenses and $380 for paralegal time, neither of which Defendant contests. Dkt. 23-3,

9  pp. 1-2; Dkt. 24, p.1 n.1.

10    Defendant argues the Court should reduce Plaintiff's fee request because the attorney

11  hours expended on this case were unreasonable. Dkt. 24, pp. 2-8. Specifically, Defendant

12  maintains Eitan unreasonably duplicated Noah's work by spending additional time on the

13  Opening Brief; the case was "'routine' rather than complex," therefore necessitating less time;

14  and the size of the transcript – 1,578 pages – did not justify the amount of hours spent on the

15  case. *Id.* at 4-7. Plaintiff responds that the work between Eitan and Noah was not duplicative;

16  each Social Security case is unique and thus, there is no "routine" case; and the transcript was

17  larger than an average transcript and therefore necessitated more time for the case. Dkt. 25, pp.

18  3-7. In determining whether the hours expended were reasonable, this Court will consider: (1)

19  awards in similar cases; and (2) the novelty and difficulty of the questions involved in this case.

20  *See Hensley*, 461 U.S. at 429-30 n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-

21  19 (5th Cir. 1974).

22

23

---

24    [2] The Court acknowledges that referring to the attorneys by their first names is less formal. However, because the attorneys share a last name, the Court uses their first names in this Order for ease of readability.

1    First, attorney's fee awards in similar cases show the hours expended drafting the

2    Opening Brief were above average compared to similar cases within the Western District of

3    Washington. *See e.g. Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D. Wash.) (1,434 page

4    transcript and 7 hours to review and draft opening brief); *Justice v. Colvin*, Case No. 3:14-CV-

5    6001-DWC (W.D. Wash.) (20.5 hours for reviewing and drafting opening brief); *Givens v.*

6    *Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash.) (transcript of 920 pages, 26.9 hours to

7    prepare an opening brief); *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash.)

8    (transcript of 983 pages, fee petition requested 15.7 hours for file review and drafting opening

9    brief); *Moore v. Colvin*, Case No. 2:15-CV-360-JRC (W.D. Wash.) (7.6 hours for file review and

10   drafting of the opening brief); *Sampson v. Colvin*, Case No. 3:14-CV-5825-JRC (W.D. Wash.)

11   (12.5 hours for file review and drafting of the opening brief). In the above cases, the mean time

12   spent drafting an opening brief was 15 hours. Plaintiff's attorneys spent more than twice as much

13   time – 36.1 hours – preparing the Opening Brief than what was reported in similar cases.

14       Second, the questions in this case were not novel or difficult, and therefore did not justify

15   an increase in the expended hours. Plaintiff presented three assignments of error in his Opening

16   Brief, alleging the ALJ erred in assessing: medical opinion evidence (including new evidence

17   submitted to the Appeals Council), Plaintiff's credibility, and Plaintiff's RFC (and thus, the Step

18   Five finding). *See* Dkt. 13. These issues are commonly raised in Social Security cases and should

19   require less time on legal research to effectively litigate.

20       Plaintiff argues this case took more time because the record was voluminous. Dkt. 25, pp.

21   3-4. The record in this case was 1,578 pages. Dkt. 15. While the record is long, the Court does

22   not find it was atypical in length. *See e.g. Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D.

23   Wash.) (1,434 pages); *Givens v. Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash.) (920

24

1  pages); *Amirkhanov v. Colvin*, Case No. 2:15-CV-1541-DWC (W.D. Wash.) (1,411 pages);

2  *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash.) (983 pages); *Wall v. Colvin*, Case

3  No. 3:15-CV-5281-JRC (W.D. Wash.) (2,297 pages); *Webb v. Colvin*, Case No. 3:15-CV-5098-

4  JRC (W.D. Wash.) (1,263 pages). Moreover, the length of the record does not necessarily result

5  in a complex case. For the above reasons, the Court does not find this case presents novel or

6  complex questions.

7         The Court concludes the amount of time expended on this case was unreasonable.

8  Plaintiff requested a total of 44.9 hours of attorney hours, 36.1 of which were spent preparing the

9  Opening Brief. Dkt. 23-3, pp. 1-2. The amount of attorney time incurred in preparing the

10  Opening Brief was more than the amount incurred in similar Social Security cases, and the case

11  was not novel or complex. The facts, record, and arguments made in this particular case were not

12  so unusual or complex as to require such a discrepancy from similar cases. Thus, the Court finds

13  the 36.1 hours expended on the Opening Brief were excessive and unreasonable. The Court

14  therefore reduces the attorney hours expended on file review and the Opening Brief by 7.3 hours,

15  for a total of 28.8 hours expended on these tasks. This results in a total of 37.6 attorney work

16  hours to reach a judgment in the underlying action.

17         Plaintiff also requests an additional 3.3 hours expended in defending this Motion. Dkt.

18  25-1, p. 3. The Court concludes that this is reasonable. *See Commissioner, I.N.S. v. Jean*, 496

19  U.S. 154, 157 (1990) (fees for time and expenses incurred in applying for fees were covered in

20  EAJA cases).

21         Thus, the Court determines that a fee award for a total of 40.9 hours of attorney work is

22  reasonable. *See Hensley*, 461 U.S. at 434 (the district court should "exclude from this initial fee

23  calculation of hours that were not 'reasonably expended'") (citation omitted); *see also Stearns v.*

24

1  *Colvin*, 2016 WL 730301 (W.D. Wash. Feb. 24, 2016) (finding thirty-five hours for preparation

2  of opening brief excessive and unreasonable, and reducing by 10 hours).

3                                        **CONCLUSION**

4          For the above stated reasons, the Court hereby grants Plaintiff's Motion as follows:

5          Plaintiff is awarded $5.81 in expenses.

6          Plaintiff is awarded $8,392.07 in attorney's fees, representing 40.9 hours of attorney

7  work and 3.8 hours of paralegal work, for a total award of $8,397.88, pursuant to the EAJA and

8  consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

9          The Acting Commissioner shall contact the Department of Treasury to determine if the

10  EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the

11  Office of General Counsel that Plaintiff does not owe a debt, the government shall honor

12  Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Eitan Yanich,

13  Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based

14  on the Department of the Treasury's Offset Program and standard practices, and the check shall

15  be mailed to Plaintiff's counsel, Eitan Yanich, Law Office of Eitan Yanich, PLLC, at 203 Fourth

16  Avenue E., Suite 321, Olympia, WA 98501.

17          Dated this 22nd day of September, 2017.

18

19  _____
    David W. Christel
20  United States Magistrate Judge

21

22

23

24